[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-3855.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3855

WESTERVILLE CITY SCHOOLS BOARD OF EDUCATION, APPELLEE AND CROSS-APPELLANT, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; GC NET LEASE (WESTERVILLE) INVESTORS, L.L.C., APPELLANT AND CROSS-APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-3855.]

*Real-property valuation—R.C. 5713.03—Recent arm's-length-sale price of real property is the best evidence of value, but taxing authorities must also consider any other evidence presented by the parties that is relevant to the value of the property—Board of Tax Appeals' decision vacated and cause remanded.*

(No. 2016-0902—Submitted June 12, 2018—Decided September 26, 2018.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, Nos. 2015-828 and 2015-1165.

_____

**Per Curiam.**

{¶ 1} At issue in this real-property tax case is the 2013 value of a single-tenant office building occupied by J.P. Morgan Chase under a net lease. Under R.C. 5713.03 as amended by 2012 Am.Sub.H.B. No. 487 ("H.B. 487"), the fee-simple estate must be valued as if unencumbered. The question presented is whether the Board of Tax Appeals ("BTA") acted reasonably and lawfully by adopting the property's sale price without considering the appraisal offered by the property owner. Under *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, it is clear that the BTA did not properly perform its fact-finding duties in this case. As in *Terraza 8*, we conclude that the proper remedy is to vacate the BTA's decision and remand the case for further proceedings.

## I. Background

{¶ 2} On March 24, 2014, appellee and cross-appellant, the Westerville City Schools Board of Education ("BOE"), filed a complaint challenging the auditor's 2013 value of $35,500,000 for the 388,669-square-foot single-tenant office building at issue. The building is a multistory structure that was constructed in 1974, expanded in 1983, and renovated in 1999. The BOE advocated adoption of a November 2013 sale price of $44,500,000 as the property value based on the conveyance-fee statement and deed, which the BOE presented at the hearing before appellee Franklin County Board of Revision ("BOR").

{¶ 3} At that hearing, the owner, appellant and cross-appellee, GC Net Lease (Westerville) Investors, L.L.C., presented the appraisal report and testimony of Samuel D. Koon, a member of the Appraisal Institute. The BOE objected to the submission of this evidence, arguing that it was not admissible as evidence of value, because GC Net Lease had not rebutted the presumption that the sale price was the best evidence of the value of the property. GC Net Lease's counsel pointed to H.B. 487's amendments to R.C. 5713.03 and argued that the appraisal evidence was

admissible to establish the value of the unencumbered fee-simple value of the property, which had been sold subject to an existing lease. The appraiser opined a fee-simple value of $24,800,000 as of January 1, 2013, based on his reconciliation of valuations under an income approach and a sales-comparison approach.

{¶ 4} The lease on the property resulted from a February 2010 sale-leaseback transaction under which the recorded sale price was $32,500,000. In October 2010, the property transferred for $35,500,000, which evidently formed the basis for the auditor's initial valuation.

{¶ 5} According to Koon, the November 2013 sale was a "portfolio sale" of 18 properties located in multiple states; Koon noted that GC Net Lease's parent company reported to the Securities and Exchange Commission that $44,500,000 of the aggregate sale price was allocated to the subject property. The BOE objected on hearsay grounds to the appraiser's testimony regarding the specific circumstances of the 2013 sale. Neither the BOR nor the BTA specifically ruled on that objection. In any event, GC Net Lease has not challenged the allocation of $44,500,000 to the sale of the property at issue.

## II. Procedural history

{¶ 6} The record contains the June 11, 2015 BOR deliberation adopting the $44,500,000 sale price as the tax-year-2013 property value. Nonetheless, the BOR's June 18, 2015 decision letter indicated a property value of $27,928,600; the BOE appealed that decision to the BTA on July 10, 2015.

{¶ 7} On July 15, 2015, the BOR issued a "corrected" decision letter indicating a property value of $44,500,000, which GC Net Lease appealed to the BTA. The BTA consolidated the two cases and held a hearing. The BOE appeared at the hearing in order to ask for a briefing schedule. GC Net Lease waived a hearing, but according to the BTA's decision, GC Net Lease did submit a statement arguing that the BOR lacked jurisdiction to issue the July 15 decision.

**{¶ 8}** In its decision, the BTA held that the BOR lacked jurisdiction to issue the corrected decision letter because the BOE had already prosecuted an appeal to the BTA from the first letter. BTA Nos. 2015-828 and 2015-1165, 2016 WL 3401901, at *2 (May 19, 2016). There was no appeal from that determination.

**{¶ 9}** Turning to the merits, the BTA noted that the applicable version of R.C. 5713.03, that is, R.C. 5713.03 as amended by H.B. 487, calls for valuing the "fee simple estate, as if unencumbered." Nonetheless, the BTA adhered to caselaw that applied an earlier version of R.C. 5713.03 and that emphasized the use of the sale price to determine value. Thus, the BTA rebuffed GC Net Lease's contention that appraisal evidence should be considered to ensure that the property was valued "as if unencumbered" by the existing lease; the BTA relied heavily on the caselaw relating to tax years before H.B. 487 became effective for the pronouncement that " 'it would never be proper to adjust a recent arm's-length sale price because of an encumbrance.' " 2016 WL 3401901 at *4, quoting *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 138 Ohio St.3d 223, 2014-Ohio-523, 5 N.E.3d 637, ¶ 24. Accordingly, the BTA adopted the November 2013 sale price, $44,500,000, as the property value for tax year 2013. GC Net Lease appealed from that decision. The BOE cross-appealed, arguing that the pre–H.B. 487 version of R.C. 5713.03 applies in this case.

### III. Analysis

**A. The H.B. 487 version of R.C. 5713.03 applies in this case, and appraisal evidence is admissible and relevant**

**{¶ 10}** We can easily resolve the issue raised by the BOE on cross-appeal regarding which version of R.C. 5713.03 applies here. In *Terraza 8*, we held that "the H.B. 487 version [of R.C. 5713.03] applies to valuations for tax year 2013." 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 18. GC Net Lease correctly contends that the BTA's analysis conflicts with this court's construction and application of R.C. 5713.03 set forth in *Terraza 8*. In *Terraza 8*, we held that

4

the H.B. 487 amendments to R.C. 5713.03 overrode *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, under which a voluntary, recent arm's-length sale was taken to be an absolute and irrebuttable criterion of value. *Terraza 8* at ¶ 26-30. At the same time, however, we held that the H.B. 487 amendments to R.C. 5713.03 did not change the sale-price-as-best-evidence-of-value standard that predates *Berea* and is traceable to *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977); *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 195 N.E.2d 908 (1964); and *Ratner v. Stark Cty. Bd. of Revision*, 23 Ohio St.3d 59, 491 N.E.2d 680 (1986), *overruled, Berea*. We stated in *Terraza 8* that "[n]othing suggests that [in amending R.C. 5713.03] the General Assembly intended to depart from [the] longstanding rule" that the best evidence of real-property value " 'is an actual, recent sale of the property in an arm's-length transaction.' " *Terraza 8* at ¶ 33, quoting *Conalco* at paragraph one of the syllabus.

{¶ 11} But we noted in *Terraza 8* that the H.B. 487 amendments to R.C. 5713.03 make the presumption that a sale price indicates the market value of the unencumbered fee-simple estate a rebuttable presumption:

> The statutory amendment thus allows taxing authorities to consider non-sale-price evidence—particularly evidence of encumbrances and their effect on sale price—in determining the true value of property that has been the subject of a recent arm's-length sale.

*Terraza 8* at ¶ 27.

{¶ 12} Just as the BTA did in its decision on appeal in *Terraza 8*, the BTA's approach to the value issue in the present case perpetuates the *Berea* rule in contravention of the H.B. 487 amendments to R.C. 5713.03. Citing caselaw that relied on *Berea*, the BTA stated that the sale price constituted true value unless the

sale's voluntary, recent, and arm's-length character had been impugned. In particular, the BTA emphasized our pronouncement in *HIN,* 138 Ohio St.3d 223, 2014-Ohio-523, 5 N.E.3d 637, at ¶ 24, citing *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 25-26, that " 'it would never be proper to adjust a recent arm's-length sale price because of an encumbrance.' "  2016 WL 3401901 at *4.

## B. Under R.C. 5713.03, no threshold showing is required
## before a tax tribunal must give full consideration to appraisal
## evidence

{¶ 13} The BOE argues that *Terraza 8* does not call for vacating the BTA's decision and remanding here, because the BTA relied on pre-*Berea* caselaw in declining to consider Koon's appraisal. Namely, in rejecting the appraisal and upholding the sale price, the BTA quoted and relied on *Pingue v. Franklin Cty. Bd. of Revision*, 87 Ohio St.3d 62, 64, 717 N.E.2d 293 (1999), to conclude that " '[i]t is only when the purchase price does not reflect the true value that a review of independent appraisals based upon other factors is appropriate.' "  2016 WL 3401901 at *6. According to the BOE, this precept requires the proponent of non–sale-price evidence to impugn the sale in some way before appraisal evidence becomes relevant and admissible. Indeed, in cases decided while the holding of *Berea* was in effect, the evidence of a qualifying sale precluded consideration of an appraiser's opinion of value unless the recency, arm's-length character, or voluntariness of the sale had been rebutted. *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 470, 2016-Ohio-757, 58 N.E.3d 1126, ¶ 5-8, 14, 19-20. And at oral argument, the BOE's counsel asserted that under *Terraza 8*, "the burdens with respect to an arm's-length sale had not changed" in this respect.

{¶ 14} But R.C. 5713.03 as amended by H.B. 487 provides no support for the BOE's position. Quite simply, the BOE's argument overlooks the significance

6

of the twofold change the legislature made when it amended that section in September 2012. Not only did the legislature codify the proposition that the tax assessor should value "the fee simple estate, as if unencumbered," it also changed the statutory pronouncement that the assessor "shall" consider a recent arm's-length sale price "to be the true value for taxation purposes" to say that the assessor "may" consider the sale price to be the true value. H.B. 487. While *Terraza 8* establishes that this latter change does not overturn the sale-price-as-best-evidence-of-value rule, changing "shall" to "may" does establish that appraisal evidence is admissible and competent evidence of value alongside a sale price and that the fact-finder has a duty to consider whether the appraisal constitutes a more accurate valuation of the property than the sale price. *See Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___, ¶ 12 ("when property was the subject of a recent arm's-length sale, the General Assembly [by amending R.C. 5713.03 in H.B. 487] has directed taxing authorities to consider not just the sale price but also any other evidence the parties present that is relevant to the value of the unencumbered fee-simple estate").

{¶ 15} By making appraisal evidence generally admissible and competent, the statutory amendments return the approach to valuing real property to what it was before *Berea*. Both the BTA and the BOE cite the pre-*Berea* case *Pingue*, 87 Ohio St.3d 62, 717 N.E.2d 293, in support of their position that reliance on appraisal evidence is not appropriate when there has been a sale whose recency has not been impugned, but neither mentions that the lead opinion in that case reflected the view of only three justices. *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994) (noting that an earlier decision of the court was "of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of this court in order to constitute controlling law"). Justice Pfeifer, who provided the fourth vote for the judgment in *Pingue,* took a very different approach from the plurality. He made clear that he believed

that appraisal evidence was the best way to determine value and that he concurred in the judgment because the appraisal evidence in that case was faulty. *Pingue* at 66 (Pfeifer, J., concurring).

{¶ 16} A pre-*Berea* case that garnered four justice votes is *Ratner,* 23 Ohio St.3d 59, 491 N.E.2d 680. *Ratner* made clear that appraisal evidence was admissible and competent even when a sale price was proposed as establishing the property's value. In *Ratner*, the court reversed a BTA decision that had adopted the stated sale price without considering the appraisal opinions. This court noted that "the taxpayer presented testimony from two appraisers using traditional valuation methods to establish that the contract sale price did not reflect true value." *Id*. at 61. Moreover, we find it significant that *Berea* explicitly overruled *Ratner*. *See Berea*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782, at ¶ 13. By overriding *Berea* in enacting H.B. 487's amendments to R.C. 5713.03, the legislature reinstated *Ratner*'s approach, under which appraisal evidence is admissible and competent evidence of value even in cases in which a sale price has been offered as evidence of value. In other words, H.B. 487's amendment to R.C. 5713.03 has restored the pre-*Berea* principle that "the sale price is the best evidence but not the only evidence of true value." *Ratner v. Stark Cty. Bd. of Revision*, 35 Ohio St.3d 26, 29, 517 N.E.2d 915 (1988).

## IV. Conclusion

{¶ 17} For the foregoing reasons, we vacate the decision of the BTA and remand the cause for further proceedings. On remand, the BTA must consider the appraisal evidence alongside the sale price as evidence of the property's value and give due consideration to whether the sale price reflects the value of the unencumbered fee-simple estate. The BTA must decide the cause on the existing record, *see Bronx Park*, ___ Ohio St.3d ___, 2018-Ohio-1589, ___ N.E.3d ___, at ¶ 13, but must consider any objections that were timely advanced by the BOE against the evidence offered by GC Net Lease.

Decision vacated
and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

––––––––––––––––

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, Karol C. Fox, Kelley A. Gorry, Kimberly G. Allison, and Richelle L. Thoburn, for appellee and cross-appellant.

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant and cross-appellee.

––––––––––––––––