[Cite as *MREV Archwood, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2022-Ohio-2356.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

MREV ARCHWOOD, LLC, :

    Plaintiff-Appellant, :

                        No. 110618

v. :

CUYAHOGA COUNTY BOARD OF :
REVISION, ET AL.,

    Defendants-Appellees. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 7, 2022

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-939481

---

## *Appearances:*

Mansour Gavin LPA, Brendon P. Friesen, and Danielle M. Easton, *for appellant*.

Brindza McIntyre & Seed L.L.P., and David H. Seed, *for appellee* Cleveland Municipal School District Board of Education.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini, Jr., Assistant Prosecuting Attorney, *for appellees* Cuyahoga County Fiscal Office and Board of Revision.

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant, MREV Archwood, LLC ("MREV"), appeals a property valuation decision of the Cuyahoga County Board of Revision ("BOR") that was affirmed in an administrative appeal before the Cuyahoga County Court of Common Pleas. For the reasons set forth below, we affirm.

## **Background**

{¶ 2} The claims here involve valuation decisions for the 2018 tax year relating to two properties owned by MREV, 3209 and 3311 Archwood Avenue in Cleveland, Ohio; parcel numbers 015-24-082 and 015-24-083. Each parcel contains nearly identical three-story apartment buildings with 22 units each. The properties were acquired by the previous owner in 2014 for $475,000. MREV alleges that numerous improvements to the buildings were made in 2018 and then MREV acquired the property from Archwood Realty, LLC, on December 28, 2018,[1] for $1,625,000. Archwood Realty, LLC, then assigned its entire membership interest in MREV to Seth Keegan McNamara. MREV borrowed $1,200,000 from Wells Fargo Bank, secured by a mortgage on the premises, to make the purchase.

{¶ 3} On March 25, 2019, the Cleveland Municipal School District Board of Education ("BOE") brought a valuation complaint before the BOR for the 2018 tax year. The BOE claimed that the property was undervalued for that year. For the

---

[1] The documents regarding the sale in evidence that were dated indicate they were signed between December 17 and December 28, 2018. The deed was dated and recorded on December 28, 2018.

year in question, each property was valued at $236,800. The BOE sought an increased value to $812,500 for each parcel, for a combined value of $1,625,000.

{¶ 4} The case proceeded to a telephonic hearing before the BOR on October 5, 2020. MREV presented the testimony of two witnesses: Jim Huber, a certified property appraiser, and McNamara, the sole member of and representative for MREV. Huber concluded the value of the property on the tax lien date, January 1, 2018, was between $940,000 and $1,043,700. The first number estimated the value using an income approach and the second was based on a sales comparison approach. Huber reconciled differences between the two approaches and arrived at an estimated value of $990,000. The BOE responded by pointing to the deed and other evidence of the sale of the property on December 28, 2018, for $1,625,000. The BOE argued this was a recent arm's-length transaction, which was the best evidence of value.

{¶ 5} McNamara, an experienced real estate investor and broker, testified that the financial statements and information prepared by the seller that he relied on when purchasing the properties were inaccurate or even fraudulent. He testified that the marketing information he relied on evidenced an 8.5 percent capitalization rate, but the actual capitalization rate was much lower. In relying on these documents, McNamara claimed that he overpaid for the properties such that the purchase price did not represent the actual value. He further alleged that he

was motivated to purchase the properties for tax purposes[2] and intimated that this was not a truly arm's-length transaction between a willing buyer and a willing seller. On cross-examination, he also admitted that he received a $1,200,000 loan to purchase the properties and that the properties were appraised by the bank as a part of the loan process. (BOR tr. 56-57).

{¶ 6} On October 8, 2020, the BOR issued a decision valuing each parcel at $812,500, for a total value for tax purposes of $1,625,000. MREV timely appealed the decision to the common pleas court.

{¶ 7} As part of the administrative appeal, MREV sought and was granted an opportunity to present additional evidence at an oral hearing. On appeal, MREV raised two assignments of error:

> I. The Board of Revision erred by disregarding MREV's appraisal and valuing the property solely according to the sale price.

> II. The Board of Revision erred by increasing the taxable value of the property when MREV presented competent and probative evidence to rebut the sale price as best evidence of the value of the property, and there was no other evidence presented during the hearing that would justify the increase.

{¶ 8} On May 12, 2021, a hearing was held where the common pleas court heard arguments from the parties, three exhibits were introduced, and the court heard additional testimony. In a three-page decision, the common pleas court

---

[2] McNamara testified that he needed to complete the purchase of real estate within a certain amount of time to accomplish a "like-kind" exchange, also known as an "1031 exchange," where one may defer capital gains realized on the sale of investment property by purchasing similar investment property with the proceeds of the sale. *See* 26 U.S.C.S. 1031.

affirmed the decision of the BOR setting the fair market value of the properties for

the 2018 tax year at $1,625,000.  The common pleas court found the following:

> In turning to plaintiff-appellant's appeal and in weighing all evidence concerning the matter, the court finds that the property's true taxable value is $1,625,000 for the tax year of 2018.  In viewing the sale price as the best evidence in conjunction with the sophisticated circumstances of the sale, the court finds that plaintiff-appellant's evidence does not offer a better valuation of the property, simply an alternative valuation.  Here, the court finds this alternative valuation to be less persuasive as it incorporates elements of subjectivity and retroactive considerations.
>
> With specific regard to the appraisal, the court finds that the appraisal actually in part supports the sale price as being reasonable when the sale price is purely viewed per unit in the context of the appraisal's sales comparison approach to value.  This overlap between the sale price and the appraisal is noted in the transcript at page 12 from the hearing before the board of revision when the appraiser testified that the per unit amount for the property of $36,932 when based on the 2018 sale price of $1,625,000 falls within the range of the per unit amounts for the 5 compared sale prices in the appraiser's sale summary grid on page 54 of the appraisal.
>
> The court finds that the board of revision's questioning of the appraiser on this per unit analysis in the appraisal at the hearing and the board of revision's reference to the appraisal in its decision both demonstrate to this court that the board of revision considered the appraisal, but decided to give more weight to the sale price in making its decision.
>
> This court likewise finds the same in giving more weight to the sale price as a nonhypothetical, concrete indicator of value at a specific date in time and less weight to an appraisal which though reasonable still incorporates subjective elements in taking into account various adjustments for various aspects of different properties and for different years.  In this way and given the overlap between the sale price and the appraisal, the court finds that the appraisal, as an alternative valuation, has not persuaded this court that the sale price is an unreasonable or an untrue value of the property for the tax year of 2018.
>
> When weighing reasonableness considerations, the court finds that the sale price of the property at the time of the sale in 2018 was reasonable

and reliable under the particular circumstances surrounding the sale. With respect to the sale at issue, it is notable that plaintiff-appellant's representative was a licensed real estate broker, plaintiff-appellant enlisted the services of a real estate broker for the purchase of the property, and the purchase of the property by plaintiff-appellant was financed with a mortgage in the amount of $1,200,000 by Wells Fargo bank.

While the additional evidence produced by the plaintiff-appellant at the hearing before this court suggests that valuations for subsequent tax years may potentially need to be evaluated differently based on more recent circumstances, the court finds that these subsequent factors are not persuasive when reviewing the 2018 tax year.

MREV now appeals and assigns the following sole error for review:

## Assignment of Error

The trial court abused its discretion in affirming the decision of the Cuyahoga County Board of Revision to increase the taxable value of the subject property.

## Law and Analysis

### Standard of Review

{¶ 9} The case is before us as an administrative appeal from the common pleas court pursuant to R.C. 5717.05. According to this section, the common pleas court "may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence." It must then "determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of[.]" R.C. 5717.05. The statute goes on to state that any party may appeal the lower court's judgment to a court of appeals "on the questions of law as in other cases."

{¶ 10} "The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities." *Rancho Cincinnati Rivers, L.L.C., v. Warren Cty. Bd. of Revision*, 165 Ohio St.3d 227, 2021-Ohio-2798, 177 N.E.3d 256, ¶ 10, citing *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, 87 N.E.3d 199, ¶ 13. The common pleas court then reviews that decision de novo. *Id.*, citing *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). Therefore, on questions of fact, "the judgment of the common pleas court 'shall not be disturbed absent a showing of abuse of discretion.'" *Id.* at ¶ 10, quoting *id.* at paragraph one of the syllabus. Questions of law appealed to this court are reviewed de novo. *Id.* at ¶ 11, citing *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

{¶ 11} The question before us is to what extent did the appraisal evidence presented by MREV rebut the presumption that the December 28, 2018 sale price represents the best evidence of value. MREV has not identified a question of law that is in dispute. They take issue with the weight the BOR and the common pleas court gave to their appraisal evidence. The weighing of evidence and determinations of credibility are the province of the trier of fact. "As a general matter, '[w]e defer to the [factfinder's] determination of the competency as well as to [its] determination of the credibility of the evidence presented to it.'" (Emphasis deleted.) *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, ¶ 19, quoting *Steak 'n Shake, Inc., v. Warren Cty. Bd. of*

*Revision*, 145 Ohio St.3d 244, 2015-Ohio-4836, 48 N.E.3d 535, ¶ 20. Therefore, we review this issue for an abuse of discretion.

{¶ 12} This is not a case where the BOR or the lower court ignored or refused to consider appraisal evidence. In such cases, courts, including this one, have found that appraisal evidence may be considered in assessing value even when there is a recent sale. *Spirit Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2019-Ohio-1349, 135 N.E.3d 371 (8th Dist.); *Sheffield Crossing Station, L.L.C. v. Lorain Cty. Bd. of Revision*, 2020-Ohio-6938, 165 N.E.3d 415 (10th Dist.) (although the Supreme Court of Ohio rejected a vacant-at-transfer approach that was applied in this case in *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 165 Ohio St.3d 227, 2021-Ohio-2798, 177 N.E.3d 256). "[A]ppraisal evidence is admissible and competent evidence of value alongside a sale price and that the fact finder has a duty to consider whether the appraisal constitutes a more accurate valuation of the property than the sale price." *Westerville City Schools. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 154 Ohio St.3d 308, 2018-Ohio-3855, 114 N.E.3d 162, ¶ 14, citing *Bronx Park S. III Lancaster, L.L.C., v. Fairfield Cty. Bd. of Revision*, 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079, ¶ 12.

{¶ 13} For tax purposes, a county auditor must attempt, as nearly as possible, to determine the value of the fee simple estate as if unencumbered. R.C. 5713.03. "In so doing, if the property 'has been the subject of an arm's[-]length sale between a willing seller and a willing buyer within a reasonable length of time, * * * the auditor may consider the sale price * * * to be the true value for taxation

purposes.'" *Columbus City Schools Bd. of Edn.* at ¶ 28, quoting R.C. 5713.03. This statute creates a rebuttable presumption that a property's recent arm's-length sale price constitutes the best evidence of the value. *Id.* at ¶ 29, quoting *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 33, quoting *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), paragraph one of the syllabus, quoting R.C. 5713.01. There exists "a companion presumption that 'a submitted sale price "has met all the requirements that characterize true value,'" subject to rebuttal by proof that the sale was not at arm's-length or not recent." *Id.* at ¶ 29, quoting *Terraza 8* at ¶ 32, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997).

{¶ 14} There are individual factual situations where an arm's-length sale may not constitute the best evidence of value. One such exception is where encumbrances to the property affect value. *See, e.g.*, *Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 110264, 2022-Ohio-610, ¶ 28. There are certain instances where an above-market lease with a stable, high-quality tenant may cause a buyer to pay a premium that is not reflective of the value of the real estate itself. In these cases, appraisal evidence may appropriately rebut the presumption that the sale price represents the best evidence of value by showing what the value would be based on a market-rate lease. *See Terraza 8*; *Bronx Park*. This case does not involve these situations.

{¶ 15} The present case centers on whether the sale price is the best evidence of value based on the recency or arm's-length nature of the transaction. However, an appraisal may constitute relevant evidence of value outside of the above situations and a taxing authority must consider and weigh appraisal evidence even where there is a recent arm's-length sale. *Spirit Master*, 155 Ohio St.3d 254, 2018-Ohio-4302, 120 N.E.3d 815, at ¶ 9.

**Recency and Arm's-Length Nature of the Sale**

{¶ 16} The common pleas court determined the sale date of December 28, 2018, was recent for purposes of R.C. Chapter 5713. The Supreme Court of Ohio has found that a sale with a similar time frame was recent within the meaning of R.C. 5713.03. *Hilliard City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 53 Ohio St.3d 57, 59, 558 N.E.2d 1170 (1990) (a tax lien date of January 1, 1986, and a sale date of December 29, 1986). However, closeness in time is not the only factor that must be considered. "Recency encompasses temporal proximity to the date of the sale, as well [as] 'all factors that would, by changing with the passage of time, affect the value of the property.'" *Cincinnati Trophy, L.L.C. v. Bd. of Edn.*, 1st Dist. Hamilton No. C-120806, 2013-Ohio-5387, ¶ 13, quoting *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 35.

{¶ 17} MREV claims that the character of the property changed between the tax lien date and the sale such that the sale was not recent. MREV contests the recency of the sale by claiming that upgrades to the property occurred after the tax

lien date but prior to the sale date. Huber testified that repairs or upgrades totaling $172,300 were made to the property between the tax lien date and the sale date. (BOR tr. 10.) Huber was asked to substantiate his claim that all the repairs or upgrades were made after the tax lien date but before the sale, and he could not. He relied on a statement from the current owner's representative, McNamara, that this was the case as well as an operating statement provided by the seller. However, McNamara claimed that the operating statement could not be relied on because he alleged that portions of it were materially false. Further the marketing materials of the seller in evidence indicated that the properties were rehabilitated over a two-year period prior to the sale. There was no information delineating which repairs or upgrades were accomplished before or after the tax lien date. No one with personal knowledge testified as to the dates of these expenditures, and no substantive evidence was adduced clearly establishing when they occurred.

{¶ 18} McNamara also intimated that the sale was not an arm's-length transaction because he was induced to purchase the properties to avoid paying capital gains taxes that would be owed from the sale of property in California.

{¶ 19} "An arm's-length transaction possesses three primary characteristics: it is "'voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest.'" *N. Royalton City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 129 Ohio St.3d 172, 2011-Ohio-3092, 950 N.E.2d 955, ¶ 24, quoting *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 112 Ohio St.3d 309, 2007-Ohio-6,

859 N.E.2d 540, ¶ 13, quoting *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 25, 546 N.E.2d 932 (1989).

{¶ 20} The evidence offered during the BOR hearing established that MREV purchased two parcels that contained nearly identical apartment buildings that were advertised for sale in an open manner without compulsion to sell or to purchase these properties by seller or buyer, respectively.

{¶ 21} The motivation to engage in a "like-kind exchange," also known as an "1031 exchange," does not impact the arm's-length nature of a sale. *See Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 30. The Board of Tax Appeals has also rejected the argument that a buyer's decision to engage in a like-kind exchange impacts the arm's-length nature of a sale. *Tria Adelphia, Inc. v. Summit Cty. Bd. of Revision*, BTA Nos. 2016-1846 and 2016-1921, 2017 Ohio Tax LEXIS 2171, 5-7 (Sept. 5, 2017). In such a transaction, there is no compulsion on the part of the buyer to purchase a specific property, but only to purchase a property, generally, within a certain period. MREV's current owner was under no compulsion to purchase the properties at issue here, which were advertised for sale on the open market. MREV made the purchase willingly and for its own economic benefit. All the hallmarks of an arm's-length transaction are present.

{¶ 22} We cannot say that the common pleas court abused its discretion in finding that the December 28, 2018 sale was a recent arm's-length sale in spite of the evidence on which MREV relied.

**Best Evidence of Value**

{¶ 23} MREV next contends that it offered sufficient evidence to rebut the presumption that the sale price was the best evidence of value.

{¶ 24} Evidence introduced at the BOR hearing included the real estate listing documents provided by the seller to potential buyers and the deed. These documents established a sale price of $1,625,000. The evidence and testimony adduced establish all the hallmarks of an arm's-length transaction. There was no evidence offered that the leases for the tenants of the apartment buildings were other than market rate (*see Terraza 8*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916), that there was a significant change in market conditions affecting value (*Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 125 Ohio St.3d 103, 2010-Ohio-1040, 926 N.E.2d 302), or that the character of the property was unique or special in such a way that the purchase price would not reflect the true measure of value (*see Lakeside Ave. v. Cuyahoga Cty. Bd. of Revision*, 75 Ohio St.3d 540, 664 N.E.2d 913 (1996), where these considerations may affect the arm's-length nature of a transaction).

{¶ 25} MREV claims that the evidence it offered rebutted the presumption of value established by the sale price. MREV essentially takes issue with the weight the BOR and the common pleas court gave to the appraisal evidence and other testimony it offered.

{¶ 26} After the legislature amended R.C. 5713.03, "appraisal evidence is admissible and competent evidence of value alongside a sale price and the fact-

finder has a duty to consider whether the appraisal constitutes a more accurate valuation of the property than the sale price." *Westerville City Schools Bd. of Edn.*, 154 Ohio St.3d 308, 2018-Ohio-3855, 114 N.E.3d 162, at ¶ 14. A board of revision, court, or board of tax appeals that does not consider valid appraisal evidence commits error. *Id.* at 16, citing *Ratner v. Stark Cty. Bd. of Revision*, 23 Ohio St.3d 59, 61, 491 N.E.2d 680 (1986). However, the *Ratner* Court also found that the BTA did not abuse its discretion when it considered and rejected appraisal evidence as the best evidence of value. *Ratner* at 29-30. And, generally, our review of the lower court decision in an administrative appeal does not involve a reweighing of the evidence. So long as the lower court decision is not arbitrary, unreasonable, or unconscionable, this court may not substitute its judgment for that of the lower court or agency determination. *Black,* 16 Ohio St.3d at 14, 475 N.E.2d 1264.

{¶ 27} According to the common pleas court's decision, the judge considered and weighed the evidence offered by MREV and gave it less weight than that offered by the sale price. The common pleas court found that the appraisal supported the BOR's valuation when considering the range of the per-rental unit price evidence that Huber found when examining comparable sales of other similar apartment buildings. Huber testified that, without adjustments, other apartment buildings that he used for comparison had per-unit values of $30,833 (BOR tr. 12), $28,500 (BOR tr. 14), $21,500 (BOR tr. 15), $43,125 (BOR tr. 15), and $45,833 (BOR tr. 16). The appraiser found the per-unit price based on the December 28, 2018 sale was $36,932 (BOR tr. 12). However, Huber testified that

he adjusted the sale prices to equalize the conditions of the comparable properties and found an adjusted per-unit price of between $22,000 and $26,000 (BOR tr. 17). The comparables had features that distinguished them from the subject properties, including on-site parking, total renovations, or larger apartments. MREV claims the common pleas court erred because it did not take into consideration any of the distinguishing factors that must be considered in order to properly compare two properties.

{¶ 28} The common pleas court did, in fact, consider these in its analysis. The common pleas court found that the subjective adjustments made by the appraiser were less reliable as an indicator of value than the price a willing buyer paid for the property in a sale advertised on the open market. The common pleas court also noted that McNamara found the property through an experienced real estate broker and was able to secure $1,200,000 in financing to make the purchase. McNamara also admitted that the bank did its own appraisal of the properties as part of the loan process. The amount of financing alone was higher than the appraiser's estimation of value.

{¶ 29} Here, the common pleas court specifically stated that it reviewed the appraisal evidence submitted by MREV and found that it was not the best evidence of value. It analyzed the evidence as a part of its written decision. The sale here had none of the hallmarks present in other cases that would lead to the conclusion that the sale price of the property in an arm's-length transaction does not represent the actual value of the property.

{¶ 30} Finally, MREV asserts that, at the very least, the common pleas court erred in not reducing the value by the amount of personal property involved in the sale as testified by Huber.

{¶ 31} MREV did not make this argument to the common pleas court. Making an argument for the first time before this court on appeal is generally precluded. *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.), quoting *Hollish v. Maners*, 5th Dist. Knox No. 2011CA000005, 2011-Ohio-4823, ¶ 44, quoting *Carrico v. Drake Constr.*, 5th Dist. Stark No. 2005CA00201, 2006-Ohio-3138, ¶ 37. In such cases, the argument is waived. *Id.*

{¶ 32} Even if the argument was made below, we find that MREV did not conclusively establish a value of personal property as a part of the sale price. The Supreme Court of Ohio has held that "when real property is the subject of a sale and the sale involves an incidental transfer of tangible or intangible personal property, the proponent of allocating a portion of the sale price to assets other than the realty 'bears an initial burden of showing the propriety of the allocation.'" *Olentangy Local Schools Bd. of Edn.*, 125 Ohio St.3d 103, 2010-Ohio-1040, 926 N.E.2d 302, at ¶ 24, quoting *St. Bernard Self-Storage, L.L.C. v. Hamilton Cty. Bd. of Revision*, 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, ¶ 14.

{¶ 33} A bill of sale, dated December 17, 2018, is included in the record. This document purports to transfer to MREV the personal property on the parcels. However, the bill of sale did not contain any schedule of property or state a value for

the property. Further, Huber testified that he estimated the value of the personal property at $12,300 but did not sufficiently provide the underlying methodology of how this figure was derived or supporting evidence of the value of personal property.

{¶ 34} MREV has failed to show that the common pleas court abused its discretion when it independently determined that the December 28, 2018 sale price represented the best evidence of value of the parcels and set the value for tax purposes at $1,625,000.

{¶ 35} Accordingly, we overrule MREV's sole assignment of error.

{¶ 36} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR