[Cite as *Goldshtein v. Cuyahoga Cty. Fiscal Officer*, 2026-Ohio-836.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SAMYEL GOLDSHTEIN,  :

    Plaintiff-Appellant,  :

                          No. 115676

    v.  :

FISCAL OFFICER CUYAHOGA  :
COUNTY,

                        :

    Defendant-Appellee.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2026

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-121191

---

### *Appearances:*

Samyel Goldshtein, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Edmund Tallos, Assistant Prosecuting Attorney, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Samyel Goldshtein ("Goldshtein") appeals the trial court's decision affirming the Cuyahoga County Board of Revision's ("BOR")

findings declining to reduce the Cuyahoga County Fiscal Officer's assessment of the value of his property. We affirm the trial court's decision.

## I.        Facts and Procedural History

{¶ 2} In August 2024, Goldshtein received a letter from the appraisal department of Cuyahoga County informing him that the assessed value of his property was raised from $47,700 to $165,100. Goldshtein hired an appraiser, who completed an exterior-only appraisal, and appraised the property for $75,000. Goldshtein provided a copy of the appraisal to the county. When the assessed value of the property remained unchanged, Goldshtein filed a complaint with the BOR.

{¶ 3} A hearing was set, and Goldshtein appeared telephonically. He testified about the condition of his home, the increase in the assessed value, lead hazards without submission of remediation costs, and that it was a rental property that had not been rented in 2024, and he submitted the report from the appraiser. The appraiser did not appear at the hearing to testify. The BOR found that Goldshtein's evidence was insufficient and maintained that the value of the property was $165,100.

{¶ 4} Goldshtein appealed the BOR's decision to the Cuyahoga County Common Pleas Court but did not request a hearing. The case was submitted on briefs, and the same evidence that was provided to the BOR was also provided to the trial court. Again, the appraiser hired by Goldshtein did not testify. On September 30, 2025, the trial court issued a decision affirming the BOR's decision. In the trial court's judgment entry, it stated in part:

Appellant appeared before the Board of Revision and testified about the increase in assessed value for the 2024 sexennial update, the condition of the property, and a non-tax lien dated exterior only appraisal. Appellant did not present any written estimates or written costs of repair. The Board of Revision found that Appellant did not present sufficient probative evidence to support a reduction in value of the home.

The Supreme Court of Ohio has held that absent proof that the action of a Board of Revision was not performed in good faith and in the exercise of sound judgment, the action of the Board of Revision in determining the value of real property for tax purposes must be presumed to be valid; and a taxpayer has the duty to prove his right to a reduction in the valuation of real property. Cleveland Bd. of Educ. v. Cuyahoga County Bd. of Revision, 68 Ohio St. 3d 336, 626 N.E.2d 933 (1994). This Court finds that Appellant's appeal does not establish by reliable evidence that the decision of the Board of Revision is in error. The Court finds that Appellant did not present any probative and competent evidence that would justify the decrease in value of the home.

Judgment Entry No. 202119760 (Sept. 30, 2025).

{¶ 5} Goldshtein filed this appeal assigning one error for our review:

The trial court abused its discretion finding, without a hearing, the appellant did not establish reliable evidence that the decision of the BOR is in error.

**II.    Standard of Review**

{¶ 6} "'The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.'" *Costco Wholesale Corp. v. Cuyahoga Cty. Bd. of Revision*, 2025-Ohio-2990, ¶ 7 (8th Dist.), quoting *MREV Archwood, LLC v. Cuyahoga Cty. Bd. of Revision*, 2022-Ohio-2356, ¶ 10 (8th Dist.). "Under R.C. 5717.05, '[t]he common pleas court then reviews that decision de novo.'" *Id.*, citing *id.* "On appeal to this court, the judgment of the common pleas court addressing questions of fact

including the weight to be given to appraisal evidence shall not be disturbed absent a showing of abuse of discretion." (Cleaned up.) *Id*. "In particular, the decision to adopt one appraisal of land value over another appraisal of land value is reviewed for an abuse of discretion." *Id*., citing *Viola Assocs., LLC v. Lorain Cty. Bd. of Revision*, 2021-Ohio-991, ¶ 36 (9th Dist.).

### III.    Law and Analysis

{¶ 7}    In Goldshtein's sole assignment of error, he argues that the trial court just rubber-stamped the BOR's decision without giving him a chance to have his day in court and protect himself. As this court stated in *Costco*, the Supreme Court in *Black v. Bd. of Revision,* 16 Ohio St.3d 11, 13-14 (1985), clarified the duty imposed upon a court of common pleas when reviewing a decision from a board of revision under R.C. 5717.05.

> "[T]he common pleas court has a duty on appeal to independently weigh and evaluate all evidence properly before it. The court is then required to make an independent determination concerning the valuation of the property at issue. The court's review of the evidence should be thorough and comprehensive and, should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination.
>
> . . .
>
> While R.C. 5717.05 requires more than a mere review of the decisions of the board of revision, that review may be properly limited to a comprehensive consideration of existing evidence and, in the court's discretion, to an examination of additional evidence. The court should consider all such evidence and determine the taxable value through its independent judgment. In effect, R.C. 5717.05 contemplates a decision de novo. It does not, however, provide for an original action or trial de novo."

*Costco* at ¶ 11, quoting *Black* at 13-14.

**{¶ 8}** The trial court must also demonstrate that its final determination of value is more than a mere rubber-stamping of the BOR's determination.

> Having determined that R.C. 5717.05 requires the trial court to independently determine value, the question becomes: how does the trial court demonstrate that it has in fact made an independent determination of value? In general, a trial court only "speaks through" its journal entries.

*Id.* at ¶ 12, quoting *Hopkins v. Greater Cleveland Regional Transit Auth.*, 2024-Ohio-2265, ¶ 19 (8th Dist.).

**{¶ 9}** "Moreover, it is a generally accepted principle that a trial court is not required to explain the reasoning for its decisions or otherwise issue findings of fact and conclusions of law unless required to do so by a rule or statute." *Costco*, 2025-Ohio-2990, at ¶ 12 (8th Dist.). *See, e.g., State v. Lusane*, 2018-Ohio-1775, ¶ 18-20 (8th Dist.); *State v. Francis*, 2004-Ohio-6894, ¶ 56. "Indeed, it has been often noted by appellate courts that while the best practice for a trial court is to set forth their reasoning for a ruling, the failure to provide any analysis is not in and of itself an abuse of discretion." *Costco*, 2025-Ohio-2990, at ¶ 12 (8th Dist.), citing *Nemec v. Morledge*, 2021-Ohio-3361, ¶ 36 (8th Dist.); *see also Yankovitz v. Greater Cleveland Regional Transit Auth.*, 2023-Ohio-2584, ¶ 21 (8th Dist.) ("We strongly encourage trial courts to explain a decision in a written opinion."). "However, 'in the absence of specific requirements to the contrary, decisions as to whether to hold a hearing and as to whether to explain reasons for a ruling are matters entrusted to the sound discretion of the trial court.'" *Id.*, quoting *Lusane* at ¶ 19.

{¶ 10} In this instant case, the trial court did issue a judgment entry to explain its decision. In the trial court's judgment entry, it demonstrated that the trial court conducted a thorough and comprehensive review of the appellant's submitted evidence. The trial court stated in part: "Appellant did not present any written estimates or written costs of repair." Judgment Entry No. 202119760 (Sept. 30, 2025). Further, the trial court determined that Goldshtein did not provide evidence or proof that the action of the BOR was not performed in good faith and in the exercise of sound judgment. Additionally, the trial court determined that Goldshtein did not provide reliable evidence that the decision of the BOR was in error and did not present any probative and competent evidence that would justify the decrease in the assessed value of the home.

{¶ 11} On the facts of this case, Goldshtein did not submit additional evidence beyond the BOR's record, including offering testimony from the appraiser. After reviewing the record, we conclude that the trial court's decision sufficiently indicates that it made an independent determination of property value and did not merely rubber-stamp the BOR's decision. Goldshtein submitted an appraisal that did not represent a complete evaluation of the property and stated that he did not want to pay extra for a full appraisal and submitted an exterior-only appraisal. Goldshtein did not submit photographs of the interior or any written estimate of the costs of repairs to the property. Further, based on these facts, we conclude that the trial court did issue a detailed analysis supporting its decision, and it was sufficient

in detail to help us to determine whether the trial court has exercised its independent judgment as required under R.C. 5717.05.

{¶ 12} Goldshtein further contends that the trial court erred by not holding a hearing.  However, Goldshtein did not request a hearing, and the decision as to whether to hold a hearing for a ruling is a matter entrusted to the sound discretion of the trial court.  *See Costco,* 2025-Ohio-2990, at ¶ 12 (8th Dist.).

{¶ 13} Therefore, Goldshtein's assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR