[Cite as *State v. Lusane*, 2017-Ohio-1513.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0036** |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division, Case No. R2005 TRC 11364.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, PID: A660-925, Trumbull Correctional Institution, TCC Camp-P.O. Box 640, 5701 Burnett Road, Leavittsburg, OH 44430-0901 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Matthew M. Lusane, appeals the trial court's decision denying his post-judgment motion to withdraw his guilty plea. He contends that the court erred in applying res judicata. We affirm.

{¶2} In August 2005, appellant was the subject of a traffic stop in Ravenna, Ohio and was cited for operating a vehicle while intoxicated ("OVI") and three other

traffic offenses. The citations were filed in the Ravenna Division of the Portage County Municipal Court. This appeal stems from the proceedings in the Ravenna trial court.

{¶3} Within seven days of the Ravenna incident, appellant was the subject of a second traffic stop, this time in Kent, Ohio, in which he was again cited for OVI and other traffic violations. That case went forward in the Kent Division of the Portage County Municipal Court. On December 5, 2005, appellant entered a no contest plea to the Kent OVI charge, and the remaining traffic offenses were dismissed. Upon accepting the no contest plea and finding appellant guilty, the Kent trial court sentenced him to, inter alia, thirty days in the county jail.

{¶4} Approximately three weeks after conclusion of the Kent proceeding, on December 27, 2005, the Ravenna trial court issued two judgments. First, on the case file jacket, the trial court stated that appellant entered a guilty plea to the OVI charge, and that the other three traffic offenses were dismissed. In a separate sentencing judgment, the court imposed a thirty-day jail term, suspended his license for two years, and fined him $550. Neither of the judgments made any reference to the Kent proceeding.

{¶5} Appellant did not pursue a direct appeal of his Ravenna OVI conviction. In fact, he did not take any steps to challenge the validity of the conviction until six years later, when he moved the Ravenna trial court to vacate the conviction. As the basis for this motion, appellant maintained that his guilty plea in the Ravenna case was invalid because, as part of the plea agreement in the Kent action, the state expressly agreed to dismiss all four traffic citations, including the OVI charge, in the Ravenna case. He also asserted that even though the "jacket" judgment stated that he entered a guilty plea to

2

the OVI charge on December 27, 2005, he did not have any recollection of attending a hearing in the Ravenna court on that date. In support of the latter assertion, appellant presented the testimony of a Ravenna court stenographer, who stated that she did not have records showing she took notes in a hearing involving appellant on that date.

{¶6} After holding an evidentiary hearing on the motion to vacate, the trial court issued a final judgment overruling it on the merits. On appeal, this court upheld the trial court's ruling, but held that the motion should have been denied on procedural grounds. *State v. Lusane*, 11th Dist. Portage No. 2011-P-0040, 2012-Ohio-402. Specifically, we concluded that, although appellant captioned his submission as a motion to vacate, it was actually a petition for postconviction relief. *Id*. at ¶21. We further concluded that the petition was not properly before the trial court because it was untimely filed. *Id*. at ¶24.

{¶7} Four years after the release of our opinion, appellant moved the trial court to withdraw his guilty plea under Crim.R. 32.1. In this motion, he raised the same point that formed the basis of his postconviction petition: i.e., he contended that his guilty plea was invalid because the trial court did not hold a plea hearing in which the required colloquy under Crim.R. 11 could have taken place. Appellant supported his motion with his own affidavit and a copy of a letter from the stenographer in which she again stated that she had no records indicating that a hearing involving him was held on the disputed date.

{¶8} Without waiting for the state to respond, the trial court issued its judgment denying the motion to withdraw. As the sole basis for the decision, the court concluded that appellant's argument was barred under res judicata. In contesting this decision on

3

appeal, appellant asserts two assignments of error for review:

{¶9} "[1.] The trial court committed reversible error and a manifest injustice by denying defendant-appellant's Criminal Rule of Procedure 32.1 motion to withdraw the guilty plea where the plea was not voluntarily, intelligently or knowingly made.

{¶10} "[2.] The trial court erred by improperly using res judicata as the basis to deny defendant-appellant's Ohio Criminal Rule of Procedure 32.1 motion to withdraw the guilty plea where it is his first challenge targeting the plea."

{¶11} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus (1996).

{¶12} Res judicata applies to Crim.R. 32.1 motions to withdraw guilty pleas to the extent that it bars litigating matters in a motion to withdraw that could have been raised on a direct appeal, *State v. Frazier*, 4th Dist. Pickaway No. 15CA14, 2016-Ohio-5306, ¶13; *State v. Bryukhanova*, 6th Dist. Fulton No. F-10-002, 2010-Ohio-5504, ¶12, including whether a trial court complied with Crim.R. 11. *State v. Lacking*, 10th Dist. Franklin Nos 14AP-691 & 14AP-692, 2015-Ohio-1715, ¶13; *State v. Rivera*, 6th Dist. Lucas No. L-12-1040, 2013-Ohio-1591, ¶15-17.

{¶13} Whether the trial court failed to hold a plea hearing as required, or, if it held a hearing, what occurred, could have been presented on direct appeal via a statement of the record pursuant to App.R. 9(C),(D), or (E) depending.

**{¶14}** Accordingly, res judiciata bars the arguments presented in his motion to withdraw. The trial court's judgment is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL,

concur.