[Cite as *State v. Lusane*, 2018-Ohio-1775.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0013** |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 0443.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, PID: A660-925, Trumbull Correctional Institution, TCC CAMP-P.O. Box 640, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.


{¶1} Appellant, Matthew M. Lusane, appeals the denial of his motion to vacate the portion of his sentence imposed under a repeat offender specification. He contends that portion is void because all of his prior OVI convictions were misdemeanors.

{¶2} The underlying conviction at issue was appealed and affirmed. *State v. Lusane*, 11th Dist. Portage No. 2014-P-0057, 2016-Ohio-267, 58 N.E.3d 416. In

relevant part, our opinion states:

{¶3} "In July 2013, appellant was indicted on OVI offenses and one count of driving with a suspended license, a first-degree misdemeanor under R.C. 4510.11(A). The OVI charges were brought pursuant to R.C. 4511.19(A)(1)(h) and 4511.19(A)(1)(a), and allege that appellant had pleaded guilty to, or had been convicted of, five prior OVI offenses within the last twenty years[,] making them fourth-degree felonies pursuant to R.C. 4511.19(G)(1)(d). The OVI counts also contain a repeat offender specification under R.C. 2941.1413, predicated upon the allegation that appellant had either been convicted of, or pleaded guilty to, five other OVI offenses in the past twenty years.

{¶4} "* * *

{¶5} "A two-day jury trial ensued and appellant was found guilty of both OVI charges, the two accompanying repeat offender specifications, and the separate charge of driving while under suspension. The two OVI charges and accompanying specifications were merged at sentencing. Upon receiving a presentence report and holding a separate sentencing hearing, the trial court imposed consecutive terms of two years on the remaining OVI charge and four years on the remaining specification. The court imposed a concurrent term of 180 days for driving under suspension." *Id.* at ¶2, 6.

{¶6} After serving thirty months of the six-year term, appellant moved the trial court to vacate his sentence on the repeat offender specification, asserting that the specification does not apply because none of his prior five OVI convictions is a felony. He further asserted that his conviction on the specification is void because the indictment does not reference the alleged felony requirement and each of his prior OVI convictions was a misdemeanor.

2

{¶7} The trial court denied the motion to vacate without hearing. In appealing, appellant asserts three assignments for review:

{¶8} "[1.] The prosecuting attorney failed in violation of Ethical Rules of Professional Conduct 3.8, 8.4, and Crim.R. 16, to disclose exculpatory evidence to the jury that appellant did not have a prior felony OVI conviction which is required in charging the repeat OVI offender specification under R.C. 2941.1413.

{¶9} "[2.] The trial court erred by not dismissing the indictment pursuant to Crim.R. 48(B) where appellant did not have a prior felony OVI conviction to apply the repeat felony specification making the judgment void.

{¶10} "[3.] The trial court erred by giving no reason for denying appellant's motion to vacate the conviction and dismiss the indictment; therefore, the judgment was not a final appealable order."

{¶11} Appellant's argument turns on the application of R.C. 2941.1413, the repeat offender specification. Division (A) provides, in pertinent part:

{¶12} "(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses."

{¶13} In *State ex rel. Beechler v. Rastatter*, 140 Ohio St.3d 343, 2014-Ohio-4061, 18 N.E.3d 433, a criminal defendant filed a petition for mandamus to compel the trial judge to declare his conviction under the repeat OVI offender specification void. He

3

maintained that he could only be found guilty of the specification if all five of his prior OVI convictions were felonies. In rejecting this argument, the *Beechler* court stated:

{¶14} "However, the statute does not require the previous OVI convictions to be felonies. R.C. 2941.1413(A) states an additional term of one to five years may be imposed if 'the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses.' 'Equivalent offenses' is defined in subsection (B) as having 'the same meaning as in section 4511.181 of the Revised Code.'

{¶15} "R.C. 4511.181 demonstrates that an 'equivalent offense' need not be a felony. Division (A) of that statute defines 'equivalent offense' as meaning 'any of the following,' listing nine offenses. For example, division (A)(1) lists '[a] violation of division (A) or (B) of section 4511.19 of the Revised Code,' and (A)(2) lists '[a] violation of a municipal OVI ordinance.' These offenses are not necessarily felonies. Violations of R.C. 4511.19(A) and (B) may be misdemeanors. R.C. 4511.19(G)(1)(a) ad (H)(1). In addition, municipal OVI offenses can be misdemeanors. *See, e.g.*, Columbus City Code 2133.01(G)(1)(a). Therefore, an 'equivalent offense' for purposes of the specification under R.C. 2941.1413(A) can be either a felony or a misdemeanor, * * *." *Id.* at ¶10-11.

{¶16} Given *Beechler* and the statutory definitions, the five prior OVI convictions can be all misdemeanors, all felonies, or some of each. There is simply no support for appellant's contention that a defendant must have at least one prior felony OVI

4

conviction before he can be found guilty of a repeat OVI offender specification.

{¶17} Appellant's conviction and sentence under the repeat OVI offender specification are valid, not void. Therefore, the trial court did not err in denying appellant's motion to vacate, and the prosecutor acted within the bounds of his sound discretion in indicting and trying appellant on the specification. The first two assignments are without merit.

{¶18} Under his third assignment, appellant seeks reversal because the trial court does not provide reasons for its ruling.

{¶19} "[A]s a general rule, in the absence of specific requirements to the contrary, decisions as to whether to hold a hearing and as to whether to explain reasons for a ruling are matters entrusted to the sound discretion of the trial court." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶56.

{¶20} Appellant has not cited any authority imposing a requirement upon the trial court to explain its ruling. Furthermore, his motion to vacate raised only one argument for review: i.e., the proper application of R.C. 2941.1413(A). In light of the clear language of that statute and *Beechler*, the resolution of this appeal involves a straightforward de novo review. *In re M.A.*, 11th Dist. Lake No. 2015-L-075, 2016-Ohio-1161, ¶12. Given this, the trial court did not abuse its discretion in not providing explanation in support of its ruling. Accordingly, appellant's final assignment lacks merit.

{¶21} Alternatively, in his original direct appeal, appellant did not assert any argument regarding R.C. 2941.1413(A). *Lusane*, 2016-Ohio-267. The issues raised in this appeal could have been raised in the direct appeal and are therefore barred by res

5

judicata. *State v. Lusane*, 11th Dist. Portage No. 2016-P-0036, 2017-Ohio-1513, ¶11-12.

{¶22} The judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

———————————————

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶23} I would reverse and remand.

{¶24} I dissented in appellant's original appeal, *State v. Lusane*, 2016-Ohio-267, ¶27-29. At issue in that case was whether appellant had been convicted of five prior OVI offenses within the last 20 years, thus raising the level of the offenses for which he was indicted in that case to felonies, and bringing the penalty enhancement statute, R.C. 2941.1413, into play. Appellant contended that he did not receive a plea hearing, Crim.R. 11(C) on one of the prior convictions, and presented evidence to this effect. *Id.* at ¶10. Thus, he contended that this prior conviction could not be used for purposes of penalty enhancement. *Id.* The majority rejected this contention. *Id.* at ¶11-19. I wrote:

{¶25} "I am well aware that the United States Supreme Court has held that the only valid, constitutional reason for collaterally challenging a prior conviction is that the party was uncounseled in the prior proceeding. *See, e.g., Mikolajczyk, supra,* at ¶27–33, quoting *State v. Culberson,* 142 Ohio App.3d 656, * * * (7th Dist.2001), citing *Custis v. United States,* 511 U.S. 485, * * * (1994). However, the Supreme Court of Ohio has

6

held that the due process conferred under the Ohio Constitution is broader than that imposed on the state by the Fourteenth Amendment. *Stanton v. State Tax Com.,* 114 Ohio St. 658, 669–671, * * * (1926). Depriving a citizen of his or her freedom is a serious matter. * * * In this case, appellant presented evidence that there was no plea hearing whatsoever in one of his prior OVI convictions—even though he was represented by counsel. The right to a hearing is fundamental to due process. Under the unique facts presented by this case, I do not think that prior OVI, in which no plea hearing seems to have been held, should be available to the state for purposes of enhancing appellant's sentence." *Id.* at ¶28.

**{¶26}** As I do not think appellant's underlying conviction should have been enhanced in the first place, I would grant his motion to vacate that part of his sentence imposed under the repeat offender specification.

**{¶27}** I respectfully dissent.