[Cite as *Archon Capital, L.P. v. Cuyahoga Cty. Bd. of Revision*, 2023-Ohio-1750.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

ARCHON CAPITAL L.P., ET AL.,       :

     Plaintiffs-Appellants,      :

                          No. 111885

     v.                           :

CUYAHOGA COUNTY BOARD OF     :
REVISION, ET AL.,

     Defendants-Appellees.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 25, 2023

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-21-946777, CV-21-946780, CV-21-946782, and CV-21-946783

---

### *Appearances:*

Jeffrey P. Posner, *for appellants*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini, Jr., Assistant Prosecuting Attorney, *for appellee* Cuyahoga County.

Frantz Ward LLP and John P. Desimone, *for appellee* Orange City School District Board of Education.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellants, Archon Capital, L.P., Archon Capital and Growth, L.P., and Archon Capital Growth and Income, L.P. ("appellants"), appeal from the trial court's judgments affirming the decisions of the Board of Revision ("BOR") regarding the taxable value of residential properties in four separate cases. Finding some merit to appellants' appeal, we reverse and remand.

## I. Background

{¶ 2} Appellants purchased the subject properties at foreclosure sales and then brought property valuation complaints in the BOR seeking reductions of the taxable value of the properties from that determined by the county fiscal officer for tax year 2019. Prior to the hearing in each case, appellants asked the BOR to subpoena the county appraisers who had appraised the subject properties prior to the sheriff's foreclosure sales so that appellants could examine them at the hearing regarding the analyses the appraisers used to render their valuations. In each case, the BOR denied appellants' request, stating:

> The Board of Revision received your request to have the Board exercise subpoena power to call your witnesses for [each case].
>
> The Board finds that the complainant bears the burden of proof to establish their opinion of value, therefore your request has been DENIED.

(Emphasis sic.)

{¶ 3} All cases were heard by the BOR on the same day in April 2021. In BOR Complaint No. 912-14-016-2019, regarding residential property on East Juniper Lane in Moreland Hills, Ohio valued at $639,900 by the fiscal officer,

appellants sought a valuation of $503,003 based on a report from its independent appraiser, Daniel Forrester. Forrester testified that in reaching his valuation, he had considered three comparable residential sales in the area and viewed the interior of the subject property one month prior to the hearing while the property was being renovated at a cost, according to the owner, of $95,649. With respect to the necessity and amount of the renovations, Forrester admitted that he had not viewed the interior of the property at any time prior to the renovations and "had no idea" of the condition of the property prior to renovation. He also conceded that he had not verified any of the alleged comparable sales with the parties to those transactions but had relied solely on the multiple listing service ("MLS") and county records to determine their alleged condition and value. Forrester admitted that he had not submitted any pictures of the subject property nor the alleged comparable properties with his report, even though he acknowledged that pictures would have helped the reader of his report. Further, upon questioning by a board member, Forrester conceded that the value he had assigned to one of the alleged comparable properties was incorrect. After Forrester's testimony, appellants' counsel argued that in addition to Forrester's report, the BOR should consider as evidence of value the county's appraisal of the subject property at $525,000 for the sheriff's foreclosure sale.

{¶ 4} After the hearing, the BOR rendered a "no change" decision, finding that Forrester's report was "unreliable evidence of value upon which [the BOR] may rely to change value." The Board found that Forrester had made "condition

adjustments" to the three alleged comparable properties in determining their value but that there was no support in his report for the adjustments. Further, the Board found that "there are no interior photographs of the subject [property] and the comparables were not verified with a party to the transaction or broker."

{¶ 5} In BOR Complaint No. 213-19-065-2109, regarding residential property on Radcliffe Drive in Westlake, Ohio valued at $220,200 by the fiscal officer, appellants sought a reduction in value to $165,000 as of January 1, 2019, based on an independent appraisal by Forrester. Forrester testified that in reaching his valuation, he had compared the subject property to the sales of three comparable properties and observed the interior and exterior of the subject property. Forrester acknowledged, however, that he had not included any pictures of the subject property or the alleged comparable properties with his report and did not have any documentation of completed repairs to the subject property to support his valuation. He also acknowledged that he had relied only upon the MLS with respect to the comparable properties and had not verified the information contained therein with any parties to the sales transactions. After Forrester's testimony, appellants' counsel argued that the BOR should consider the county's appraisal of the subject property at $170,000 for the foreclosure sale as evidence of its value.

{¶ 6} After the hearing, the BOR issued a "no change" decision, finding that Forrester's report was "unreliable evidence of value" upon which the Board could not rely to change the value of the subject property. The BOR found that there was no support in Forrester's report for the condition adjustments he made for the

comparable properties, there were no pictures of the interior of the subject property to support the adjustment in value, and the sales of the comparable properties were not verified with any parties to those transactions.

{¶ 7} In BOR Complaint No. 686-28-031-2019 regarding residential property on Fairmount Blvd. in Cleveland Heights valued at $983,000 by the county fiscal officer, appellants sought a reduction in value to $340,000 based on an independent appraisal by Forrester. Forrester testified that in reaching his valuation, he had compared the subject property to the sales of three comparable properties in the area. He again acknowledged that although he made condition adjustments for two of the three comparable properties, he relied solely upon the MLS to determine the condition and value of those properties and did not verify any of the information from the MLS with parties to those sales transactions. He further acknowledged that he did not include pictures of the interior of the subject property despite making condition adjustments in determining its value. He also acknowledged upon questioning by a Board member that the square footage of comparable property No. 2 as set forth in his report was incorrect.

{¶ 8} After the hearing, the BOR issued a "no change" decision, finding that Forrester's report was "unreliable evidence of value" upon which the Board could not rely to change value. The Board found that there were no pictures in the report to support the condition adjustments Forrester made to determine value and that the comparable sales were not verified with any party to the transaction or a broker. In addition, the BOR found that Forrester's report contained incorrect information.

{¶ 9} Finally, in BOR Complaint No. 364-13-027-2019 regarding the first parcel for residential property on East Bridge Street in Berea, Ohio valued at $220,700 by the county fiscal officer, appellants sought a reduction in value as of January 1, 2019, to $130,000. The second parcel was valued at $24,900, and appellants sought a reduction to $1. After Forrester testified at the hearing that he had been unable to provide an independent appraisal for the subject property due to recent medical issues, appellants' counsel argued that the BOR should consider the county's appraisal of $130,000 for the foreclosure sale as evidence of value.

{¶ 10} After the hearing, the BOR issued a "no change" decision, finding that there was insufficient competent and probative evidence of value upon which the Board could rely to change value for the subject property.

{¶ 11} Appellants filed separate appeals of the BOR decisions to the common pleas court and moved to consolidate the appeals, which the trial court granted. The BOR record in each case was submitted to the trial court. After a case-management conference on August 16, 2021, at which all parties participated, the court issued an order that "the parties may file motion(s) to compel discovery on or before November 30, 2021" and that all briefing in the case was to be completed by the same date. The record does not reflect that appellants requested any discovery during the pendency of its appeals, however, nor did they file a motion to compel discovery.

{¶ 12} All parties submitted briefs regarding the BOR's valuations. In its brief, appellants argued that in all four cases, the BOR had not given any

consideration to the sheriff's-sale appraisals of the subject properties. Appellants asserted that because the BOR had refused to issue the requested subpoenas for the appraisers to testify at the hearings before the Board, the county's appraisals for purposes of the foreclosure sales should be the presumptive correct valuation of the subject properties and the county should be estopped from denying their validity as the true expression of value. Appellants argued further that because the BOR had denied their subpoena requests, the trial court should hold an evidentiary hearing at which the appraisers could be examined and where appellants could produce evidence to supplement their independent appraiser's reports that the BOR had determined were defective.

{¶ 13} The BOR, the county fiscal officer, and the Orange City School District Board of Education, which was a party to BOR Complaint No. 912-14-016-2019, filed briefs opposing appellants' request for a hearing and asking the trial court to affirm the BOR's decisions on the existing record.

{¶ 14} Subsequently, the trial court affirmed the BOR's decisions, stating in its journal entry in each case, "[a]fter a careful review of the briefing herein, the court hereby affirms the decision of the Board of Revision." This appeal followed.

## II. Law and Analysis

{¶ 15} An appeal of a county BOR decision may be taken to the court of common pleas or to the Ohio Board of Tax Appeals ("BTA"). R.C. 5717.01 and 5717.05. Therefore, the common pleas court and the BTA fulfill the same function when reviewing a decision of a board of revision, and BTA case law may be applied

to the common pleas court proceedings in such appeals. *Beechwood II, L.P. v. Clermont Cty. Bd. of Revision,* 12th Dist. Clermont No. CA2011-04-033, 2011-Ohio-5449, ¶ 13, fn. 1, citing *Murray & Co. Marina v. Erie Cty. Bd. of Revision*, 121 Ohio App.3d 166, 172, 703 N.E.2d 846 (6th Dist.1997).

{¶ 16} In an appeal to the common pleas court pursuant to R.C. 5717.05, the court should consider the evidence heard by the BOR and any additional evidence heard at the court's discretion and apply its independent judgment to determine the taxable value of the subject property. R.C. 5717.05 ("The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider evidence in addition thereto."); *Black v. Bd. of Revision of Cuyahoga Cty.,* 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985) (In an R.C. 5717.05 appeal, the court "should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination. * * * The court must consider anew all of the evidence and may, in its discretion, admit additional evidence."). Thus, R.C. 5717.05 contemplates a decision de novo but not a trial de novo. *Black* at *id.*

{¶ 17} Upon further appeal to this court, our review is limited to whether the court of common pleas abused its discretion in determining the matter. *Kaiser v. Franklin Cty. Auditor*, 10th Dist. Franklin No. 10AP-909, 2012-Ohio-820, ¶ 9. *See also Black* at *id.* ("The independent judgment of the trial court should not be disturbed absent a showing of abuse of discretion.").

{¶ 18} The term "abuse of discretion" connotes "judgment exercised by a court [that] does not comport with reason or the record." *State v. Underwood*, 11th

Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). Stated another way, an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

## A. Evidentiary Hearing

{¶ 19} In their first assignment of error, appellants contend that the trial court abused its discretion in not holding an evidentiary hearing before rendering its decision.

{¶ 20} R.C. 5715.19(G) provides that a litigant who has failed to present evidence before the BOR may present it to a reviewing court if good cause is shown:

> A complainant shall provide to the board of revision all information or evidence within the complainant's knowledge or possession that affects the real property that is the subject of the complaint. A complainant who fails to provide such information or evidence is precluded from introducing it on appeal to the board of tax appeals or the court of common pleas, except that the board of tax appeals or court may admit and consider the evidence if the complainant shows good cause for the complainant's failure to provide the information or evidence to the board of revision.

{¶ 21} Appellants contend that the trial court should have held an evidentiary hearing to allow them to examine the county's appraisers who appraised the subject properties for purposes of the sheriff's foreclosure sales. They argue that a hearing in the trial court was required because although they asked the BOR to issue subpoenas to the county appraisers for the hearings, the BOR denied their requests. Appellants refer us to R.C. 2506.03(A), applicable to administrative

appeals generally, which provides that a trial court may admit supplemental evidence in an appeal of a decision by an administrative agency when the agency or officer has subpoena power but refused the appellant's requests to issues subpoenas on its behalf. We find that the trial court did not abuse its discretion in not holding an evidentiary hearing to admit additional evidence.

{¶ 22} First, under the plain language of R.C. 5717.05, a common pleas court may but is not required to admit additional evidence when reviewing a tax valuation decision of a board of review. *Black*, 16 Ohio St.3d at 14, 475 N.E.2d 1264.

{¶ 23} Furthermore, as the parties challenging the BOR's decisions, appellants had the burden to establish with competent and probative evidence their proposed values as the correct values of the properties. *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23; *see also W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342, 164 N.E.2d 741 (1960) ("The burden is on the taxpayer to prove his right to a deduction. He is not entitled to the deduction claimed merely because no evidence is adduced contra his claim.").

{¶ 24} If appellants believed that the BOR had stymied their efforts to satisfy their evidentiary burden, as allowed by the trial court's discovery order, they could have conducted discovery, deposed witnesses, and submitted additional evidence to the trial court in support of their appeals. But the record does not reflect that appellants sought any discovery, nor did they file a motion to compel discovery. It cannot be said that the trial court abused its discretion in not holding an evidentiary

hearing where appellants never sought any discovery, despite the court's order allowing it to do so. *See Archon Capital, L.P. v. Cuyahoga Cty. Bd. of Revision,* BTA No. 2019-2141, 2021 Ohio Tax LEXIS 566 (Mar. 16, 2021) (in a case involving one of the same parties to this appeal and the same counsel, the BTA denied the property owner's requests to remand the matter to the BOR for reconvened hearings and to order the BOR to subpoena the appraisers who compiled the sheriff-sale appraisal where the property owner had an opportunity to address any evidentiary deficiencies at the hearing before the BTA but did not avail itself of the opportunity). The first assignment of error is overruled.

### B. Adequacy of the Trial Court's Review

{¶ 25} In their second assignment of error, appellants contend that the trial court abused its discretion in affirming the decisions of the BOR because it did not adequately review the merits of each case. Appellants contend that the trial court's "short-shrift, identical" judgment entry in each case demonstrates that the trial court's review was nothing more than a "mere rubber stamping" of the BOR's decisions. Appellants also assert that the trial court's statement in its journal entries that it "affirmed" the decisions of the BOR was legally incorrect because the trial court is required to independently review the record and then make an independent "value finding" regarding the value of the subject property. In short, appellants contend that the trial court's journal entries fail to demonstrate that it independently reviewed the evidence in each case and arrived at a decision de novo.

{¶ 26} In an appeal brought pursuant to R.C. 5715.05, "the common pleas court has a duty on appeal to independently weigh and evaluate all evidence properly before it." *Black*, 16 Ohio St.3d at 13, 465 N.E.2d 1264. "The court is then required to make an independent determination concerning the valuation of the property at issue." *Id.* "The court's review of the evidence should be thorough and comprehensive, and should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination." *Id.*

{¶ 27} We agree with appellants that the trial court's journal entries in each case do not adequately demonstrate that the trial court thoroughly and comprehensively reviewed the evidence in the record before rendering its decisions. The journal entries in each case state, "After a careful review of the briefing herein, the court hereby affirms the decision of the Board of Revision." The entries seem to indicate that the trial court reviewed only the parties' briefs submitted on appeal rather than the entire administrative record in each case. And, because the entries do not indicate that the trial court weighed and evaluated the evidence in the record before rendering its decisions, we cannot conclude in the absence of a specific valuation of each property in the entries that the court made an independent determination concerning the value of the properties. Finally, in light of the trial court's failure to review the entire record before rendering its decisions, appellees' argument that the trial court's journal entries are adequate because appellants should have requested findings of fact and conclusions of law pursuant to Civ.R. 52 is without merit.

{¶ 28} Accordingly, we sustain the second assignment of error. We reverse the trial court's judgments and remand for the trial court to independently weigh and consider the evidence in the record and then make an independent determination concerning the valuation of the properties at issue.

{¶ 29} In their third assignment of error, appellants contend that the trial court abused its discretion by not finding that the manifest weight of the evidence compelled a reduction in taxable value for each property. In their fourth assignment of error, appellants contend that the trial court abused its discretion by not finding that the sheriff's-sale appraisals were the presumptive correct valuation of the subject properties and that the county should be estopped from denying their validity for tax valuation purposes.[1] Because both of these assigned errors are rendered moot by our judgment reversing and remanding the trial court's decisions, we need not consider them. App.R. 12(A)(1)(c).

{¶ 30} Judgment reversed and remanded.

It is ordered that the parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[1] *Contra Archon Capital, L.P. v. Cuyahoga Cty. Bd of Revision*, BTA Nos. 2019-2076, 2019-2078, 2019-2080, and 2019-2082, 2021 Ohio Tax LEXIS 525, 4, 7 (Mar. 16, 2021) (in a BTA appeal involving one of the same parties to this appeal and the same counsel, the BTA found that estoppel does not lie against the state and sheriff-sale appraisals "are not competent, credible, and probative evidence of the subject properties' values").

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR