[Cite as *Costco Wholesale Corp. v. Cuyahoga Cty. Bd. of Revision*, 2025-Ohio-2990.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

COSTCO WHOLESALE CORPORATION, :

    Plaintiff-Appellant, :

                               No. 114680

    v. :

CUYAHOGA COUNTY BOARD OF :
REVISION, ET AL.,

                       :

    Defendants-Appellees.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 21, 2025

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-979214

---

### *Appearances:*

The Gibbs Firm, LPA, and Geoffrey N. Byrne, *for appellant*.

Brindza McIntyre & Seed LLP, Robert A. Brindza, Daniel McIntyre, David H. Seed, and David A. Rose, *for appellee* Strongsville City School District Board of Education.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This matter arises from a decision of the Cuyahoga County Board of Revision ("BOR") appealed by appellant Costco Wholesale Corp. ("Costco") to the

Cuyahoga County Court of Common Pleas pursuant to R.C. 5717.05. The court below affirmed the BOR's decision setting the value of the subject property owned by Costco at $13,650,000. Costco appeals this decision, alleging the following assignments of error:

(1) The Cuyahoga County Court of Common Pleas issued a "rubber stamp" of the Board of Revision decision and did not adhere to its duty under R.C. 5717.05 to "make an independent determination concerning the valuation of the property at issue." *Black v. Bd. of Revision Cuyahoga Cty.*, 16 Ohio St.3d 11, 13 (1985).

(2) The Board of Revision decision, which was "rubber stamped" by the Court of Common Pleas, adopted an appraisal conclusion that failed to value the subject property based on "current market rates" as of January 1, 2021. *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 2021-Ohio-2798, ¶ 33.

{¶ 2} Based on our review of the record, we overrule Costco's assignments of error and affirm the decision below. Specifically, we conclude that the trial court's judgment entry sets forth sufficient information demonstrating that it made an independent determination concerning the value of the property at issue and did not "rubber stamp" the BOR's decision. Additionally, we find that the trial court did not abuse its discretion in determining the value of the subject property owned by Costco to be $13,650,000. Accordingly, the judgment below is affirmed.

## I. Procedural History and Relevant Facts

{¶ 3} For tax year 2021, the Cuyahoga County Fiscal Officer set the valuation of the real property located at 16632 Royalton Road, Strongsville, at $12,914,000. The subject property is a 147,287 square foot single tenant retail warehouse owner occupied by Costco and conducting business as a Costco

Wholesale store. The original improvements to the property were completed in 2009.

{¶ 4} Costco filed a complaint against the 2021 valuation of its property with the BOR. Costco asserted that the property should be valued at $7,350,000. The Strongsville City School District Board of Education ("BOE") filed a counter-complaint, alleging that the property should be valued at $13,650,000. Both Costco and the BOE submitted appraisals to the BOR in support of their valuations. In April 2023, the BOR held a hearing where both appraisers testified and were subjected to cross-examination regarding their respective appraisals and the process they employed to arrive at their proposed property valuation.

{¶ 5} The BOR issued its decision setting the property value at $13,650,000 and stated its rationale as follows:

> Counsel for the property owner & their appraiser Mr. Hatcher appeared on the line seeking a decrease in value. Counsel for the BOE and their appraiser Ms. Blosser appeared via zoom seeking an increase in market value for the subject property. In support of the requested value changes both parties provided appraisal reports authenticated by the appraisers.
>
> Upon review, the board finds that the evidence, testimony, and appraisal presented by the BOE most reliable and support the request for an increase in value. The BOR finds that an increase is warranted for a new value of $13,650,000 for tax year 2021.

{¶ 6} Pursuant to R.C. 5717.05, Costco appealed the BOR's decision to the Cuyahoga County Court of Common Pleas. Neither party submitted additional evidence to the trial court nor requested a hearing as permitted by the statute. Thus,

after the parties briefed the issues, the trial court issued the following judgment entry dated November 19, 2024:

> Upon consideration of the entire record and such additional evidence as the court has admitted, the court affirms the order of the Cuyahoga County Board of Revision, finding that the order is supported by reliable, probative, and substantial evidence and is in accordance with law.

> Appellants did not establish by probative and competent evidence that the decision of the Board of Revision is in error. *Cincinnati v. Hamilton Cty. Bd. of Revision*, 69 Ohio St.3d 301, 303, 1994-Ohio-292, 631 N.E.2d 1038.

> This court affirms the Board of Revision's decision setting the value of the subject property, permanent parcel number 396-14-001, as of January 1, 2021, at a value of $13,650,000.00.

This appeal follows.

## II. Law and Analysis

### A. Standard of Review

{¶ 7} "'The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.'" *MREV Archwood, LLC v. Cuyahoga Cty. Bd. of Revision*, 2022-Ohio-2356, ¶ 10 (8th Dist.), quoting *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 2021-Ohio-2798, ¶ 10. Under R.C. 5717.05, "[t]he common pleas court then reviews that decision de novo." *Id.*, citing *Rancho Cincinnati Rivers, L.L.C.* at ¶ 11, citing *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11, 14 (1985). On appeal to this court, the judgment of the common pleas court addressing questions of fact including the weight to be given to appraisal

evidence "''shall not be disturbed absent a showing of abuse of discretion.'''" *Id.*, quoting *Rancho Cincinnati Rivers, L.L.C.* at ¶ 10, quoting *Black* at paragraph one of the syllabus; *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-7579, ¶ 13-14. In particular, the decision to adopt one appraisal of land value over another appraisal of land value is reviewed for an abuse of discretion. *Viola Assocs., LLC v. Lorain Cty. Bd. of Revision*, 2021-Ohio-991, ¶ 36 (9th Dist.), citing *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2016-Ohio-1506, ¶ 27-28. "Specifically, an appeals court should not question the trial court's judgment unless such determination is unreasonable, arbitrary, or unconscionable." *Black* at 14, citing *Jennings & Churella Constr. Co. v. Lindley*, 10 Ohio St.3d 67, 70 (1984).

{¶ 8} "Questions of law appealed to this court are reviewed de novo." *MREV Archwood, LLC* at ¶ 10, citing *Rancho Cincinnati Rivers, L.L.C.* at ¶ 11. Issues that call for the construction and application of the language of a statute such as R.C. 5717.05 are questions of law for this court to review de novo. *Rancho Cincinnati Rivers L.L.C.* at ¶ 11.

{¶ 9} Additionally, we note that an appeal from a county BOR decision may be taken to the court of common pleas or to the Ohio Board of Tax Appeals ("BTA"). *See* R.C. 5717.01 and 5717.05. As such, the common pleas court and the BTA fulfill the same function when reviewing a decision of a board of revision and BTA case law may be applied to the common pleas court proceedings in such appeals. *Archon v. Cuyahoga Cty. Bd. of Revision*, 2023-Ohio-1750, ¶ 15 (8th Dist.).

**B.     Assignment of Error No. 1**

{¶ 10}  In its first assignment of error, Costco asserts that the trial court failed in its duty to make an independent determination concerning the value of the subject property and instead impermissibly "rubber stamped" the BOR decision. Based on the facts of this case, we find that the trial court's judgment entry set forth sufficient information demonstrating that it made its own "independent determination" regarding the value of the subject property.  In other words, the trial court's decision was not merely a "rubber stamp" of the BOR's decision.  Assignment of error No. 1 is overruled.

**1.     The Common Pleas Court's Duty to Make an Independent Determination as to the Value Under R.C. 5717.05**

{¶ 11}  The Ohio Supreme Court in *Black* clarified the duty imposed upon a court of common pleas when reviewing a decision from a board of revision under R.C. 5717.05 as follows:

> [T]he common pleas court has a duty on appeal to independently weigh and evaluate all evidence properly before it.  The court is then required to make an independent determination concerning the valuation of the property at issue.  The court's review of the evidence should be thorough and comprehensive and, should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination.
>
> . . .
>
> While R.C. 5717.05 requires more than a mere review of the decisions of the board of revision, that review may be properly limited to a comprehensive consideration of existing evidence and, in the court's discretion, to an examination of additional evidence.  The court should consider all such evidence and determine the taxable value through its independent judgment.   In effect, R.C. 5717.05

contemplates a *decision de novo*. It does not, however, provide for an original action or trial *de novo*.

(Emphasis in original.) *Black,* 16 Ohio St.3d at 13-14; *see also Rancho Cincinnati Rivers, L.L.C.*, 2021-Ohio-2798, at ¶ 10; *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 2017-Ohio-8843, ¶ 9. This court has adhered to these principles when reviewing a trial court's decision regarding an appeal from a board of revision under R.C. 5717.05. *See, e.g., Archon* at ¶ 26; *Carr v. Cuyahoga Cty. Fiscal Officer*, 2017-Ohio-1050, ¶ 6 (8th Dist.). Accordingly, in this case, we find that R.C. 5717.05 imposes upon the trial court the affirmative duty to independently determine the taxable value of the subject property.

### 2. The Common Pleas Court Must Demonstrate That Its Final Determination of Value Is More Than a Mere Rubber Stamping of the BOR's Determination

{¶ 12} Having determined that R.C. 5717.05 requires the trial court to independently determine value, the question becomes: how does the trial court demonstrate that it has in fact made an independent determination of value? In general, a trial court only "speaks through" its journal entries. *Hopkins v. Greater Cleveland Regional Transit Auth.*, 2024-Ohio-2265, ¶ 19 (8th Dist.). Moreover, it is a generally accepted principle that a trial court is not required to explain the reasoning for its decisions or otherwise issue findings of fact and conclusions of law unless required to do so by a rule or statute. *See, e.g., State v. Lusane*, 2018-Ohio-1775, ¶ 18-20 (8th Dist.); *State v. Francis*, 2004-Ohio-6894, ¶ 56. Indeed, it has been often noted by appellate courts that while the best practice for a

trial court is to set forth their reasoning for a ruling, the failure to provide any analysis is not in and of itself an abuse of discretion. *Nemec v. Morledge*, 2021-Ohio-3361, ¶ 36 (8th Dist.); *see also Yankovitz v. Greater Cleveland Regional Transit Auth.*, 2023-Ohio-2584, ¶ 21 (8th Dist.) ("We strongly encourage trial courts to explain a decision in a written opinion."). However, "'in the absence of specific requirements to the contrary, decisions as to whether to hold a hearing and as to whether to explain reasons for a ruling are matters entrusted to the sound discretion of the trial court.'" *Lusane* at ¶ 19, quoting *Francis* at ¶ 56. [1]

{¶ 13} In the proceedings below, Costco did not request findings of fact or conclusions of law, and the parties have not directed us to any other rule that would require the trial court to issue them in this matter. Thus, we must determine whether R.C. 5717.05 requires the trial court to issue findings of fact, conclusions of law, or otherwise explain the reasoning for its decision. Or, in contrast, whether a trial court can demonstrate compliance with the statute through its journal entry of judgment.

---

[1] For example, it is well settled that written opinions and/or findings of fact and conclusions of law are not required by Civ.R. 12, 55, and 56. *Maddox v. E. Cleveland*, 2012-Ohio-9, ¶ 23 (8th Dist.); *Priore v. State Farm Fire & Cas. Co.*, 2014-Ohio-696, ¶ 10-11 (8th Dist.). In contrast, they are required by Civ.R. 23(G)(3), 41(B)(2), and 52. *Maddox* at ¶ 23; Civ.R. 23(G)(3). Additionally, R.C. 2953.32 (sealing records) and 2307.93 (asbestos claims) provide examples of statutes that require a trial court to issue its findings and reasons for its ruling to demonstrate compliance with the statute. *See, e.g., State v. W.C.*, 2022-Ohio-3235, ¶ 17-20 (8th Dist.); *Cross v. A-Best Prods. Co.*, 2009-Ohio-2039, ¶ 26 (8th Dist.) (remanded case to trial court because it failed to provide a sufficiently detailed judgment entry that would allow appellate court to determine compliance with the statute).

{¶ 14} In a previous appeal under R.C. 5717.05, this court addressed whether a court of common pleas had impermissibly rubber stamped a board of revision decision as alleged by the appellant. *Archon*, 2023-Ohio-1750, at ¶ 25-28 (8th Dist.). The *Archon* Court referred to the trial court's judgment entry to answer this question. *Id.* The judgment entries issued in the consolidated appeal at issue in *Archon* read as follows: "After a careful review of the briefing herein, the court hereby affirms the decision of the Board of Revision." *Id.* at ¶ 14. The *Archon* appellants argued that the "trial court judgment entries fail to demonstrate that it independently reviewed the evidence in each case and arrived at a decision de novo." *Id.* at ¶ 25. Following the standard set forth above in *Black,* 16 Ohio St.3d 11, this court determined that the court of common pleas failed to satisfy its duty to independently determine the property's value, stating:

> We agree with appellants that the trial court's journal entries in each case do not adequately demonstrate that the trial court thoroughly and comprehensively reviewed the evidence in the record before rendering its decisions. . . . And, because the entries do not indicate that the trial court weighed and evaluated the evidence in the record before rendering its decisions, we cannot conclude in the absence of a specific valuation of each property in the entries that the court made an independent determination concerning the value of the properties.

*Archon* at ¶ 27.

{¶ 15} Costco relies upon the *Archon* decision to support its argument that the trial court in this matter also failed to demonstrate that it made an "independent determination" of value in its judgment entry. We find the judgment entry in this matter is significantly different than the judgment entry in *Archon*. As stated above,

the *Archon* judgment entry only referred to "a careful review of the briefing" and provided no further information that would indicate that the trial court evaluated the evidence or even assigned a specific valuation to the property. *Id.* at ¶ 14. Consequently, the *Archon* Court had no basis to determine that the trial court made an independent determination of value and correctly remanded the case back to the trial court so that it could fulfill its obligations under R.C. 5717.05. *Id.* at ¶ 27.

{¶ 16} In this matter, however, the trial court's judgment entry expressly states that the trial court considered the "entire record," as opposed to just the "briefing." The subject judgment entry also sets forth that the BOR decision "is supported by reliable, probative, and substantial evidence and is in accordance with the law." Moreover, the trial court found that Costco had not met its burden in the appeal to "establish by probative and competent evidence that the decision of the Board of Revision was in error." Finally, the trial court's judgment entry expressly sets forth the property value to be $13,650,000. Thus, we find that this judgment entry provides significantly more language than the *Archon* judgment entry.

{¶ 17} On the facts of this case, we conclude that the trial court's decision sufficiently indicates that it made an independent determination of property value and did not merely rubber stamp the BOR's decision. Further, based on these facts, we conclude that the trial court is not required to issue a detailed analysis supporting its decision but may speak through its journal entry as long as sufficient detail is set forth allowing us to determine whether the trial court has exercised its independent judgment as required under R.C. 5717.05. Although we find the subject judgment

entry is sufficient to demonstrate an "independent determination," we encourage trial courts to provide more detailed judgment entries or written opinions when considering appeals pursuant to R.C. 5717.05. Assignment of error No. 1 is overruled.

### C. Assignment of Error No. 2

{¶ 18} In its second assignment of error, Costco asserts that the trial court failed to value the subject property based on "current market rates" as required by the Ohio Supreme Court in *Rancho Cincinnati Rivers, L.L.C.*, 2021-Ohio-2798, at ¶ 33. Therefore, Costco contends that the judgment below must be reversed. The crux of Costco's argument rests upon its assertion that the properties identified by the BOE's appraiser as comparable properties do not reflect current market rates and therefore cannot be considered by the appraiser (or the trial court) as a matter of law under *Rancho Cincinnati Rivers, L.L.C.* Based on the facts of this case, however, we cannot conclude that the trial court abused its discretion in considering these properties and determining the value of the subject property to be $13,650,000. Assignment of error No. 2 is overruled.

{¶ 19} Costco relies on the Ohio Supreme Court's decision in *Rancho Cincinnati Rivers, L.L.C.*, to support its contention that the value of the subject property under R.C. 5713.03 must reflect current market rates. We agree with Costco on this point. A review of Ohio law interpreting and applying R.C. 5713.03 over the past decade and, specifically, how it has interpreted the phrase "the true value of the fee simple estate, as if unencumbered," confirms two relevant points:

(1) it is appropriate to consider a property as leased; and (2) that lease should reflect current market rates. *Rancho Cincinnati Rivers, L.L.C.* at ¶ 33; *see also Harrah's Ohio Acquisition Co., L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-4370, ¶ 27. However, it is also well accepted that "R.C. 5713.03 does not as a matter of law impose a fixed legal requirement of a property-rights adjustment to leased-fee sales used as sale comparables." *Rancho Cincinnati Rivers, L.L.C.* at ¶ 37. Instead, any "adjustments should be made based on the appraiser's expert analysis of the market for the property." *Id.*

{¶ 20} Costco's argument fails because the suitability of comparable properties and any adjustments made to the value of those properties completed by an appraiser are questions of fact properly determined by the factfinder. Simply put, it is the factfinder's role to determine whether to accept or reject an appraiser's proposed value and the methodology they undertook to support that value. *See Rancho Cincinnati Rivers, L.L.C.* at ¶ 35 ("The selection of comparable sales and adjustments made to the sale prices by an expert appraiser, so long as the sales and the adjustments relate to the market for the property at issue, are legally permissible." Further, the common pleas court as the factfinder "must decide how much weight to accord competing appraisals."); *see also Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2018-Ohio-4282, ¶ 5, 14 (In addressing an appeal regarding a battle of appraisals, the Ohio Supreme Court determined that the factfinder has "broad discretion to determine which appraiser more accurately valued the property."); *Westerville City Schools Bd. of Edn.*, 2016-Ohio-1506, at

¶ 33-35 (arguments that adequate adjustments were not made and inappropriate comparable sales were included by the appraiser were rejected by the court as factual questions properly considered by factfinder). As stated by the Ohio Supreme Court, "[a]t bottom, the BTA's key job in a battle-of-the-appraisals dispute is to weigh evidence and assess the credibility of the appraisals." *Lowe's Home Ctr., Inc. v. Washington Cty. Bd. of Revision*, 2018-Ohio-1974, ¶ 30; *Meijer Stores, L.P. v. Franklin Cty. Bd. of Revision*, 2009-Ohio-3479, ¶ 18-20. Moreover, "[w]e do not look for a perfect opinion of value but the most probative one." *Fairlawn Station, LLC v. Summit Cty. Bd. of Revision*, BTA No. 2021-2426, 2024 Ohio Tax LEXIS 1086, *8 (July 26, 2024). Because what constitutes "market value" as well as the weight to be given to appraisal evidence are both questions of fact properly determined by the factfinder, our review is limited to an abuse of discretion. *MREV Archwood, LLC*, 2022-Ohio-2356, at ¶ 10 (8th Dist.).

{¶ 21} In this case, both the BOR and the trial court served as the factfinders who were in the best position to consider the evidence before them including the appropriateness of each appraiser's selection of comparable properties. At the BOR hearing, the appraisers for both Costco and the BOE testified at length regarding their valuations of the subject property. They were also cross-examined at length regarding the methodology they undertook to arrive at their respective valuations including questions regarding the properties they chose and did not choose as "comparable" properties and the adjustments they made to these properties to accurately reflect current market value in their opinion. Notably, the

BOE appraisal also contained an analysis regarding the particular strength of the Strongsville area retail market as well as the general retail market applicable to big box stores such as Costco. Based upon this testimony and the appraisals, the BOR determined that the BOE's evidence was more probative of value and set the subject property's value at $13,650,000. In turn, based upon its review of the entire record, including both appraisals and the BOR hearing transcript, the trial court independently determined the value of the subject property also to be $13,650,000.

{¶ 22} Based on these facts, we cannot conclude that the trial court abused its discretion. Questions regarding the credibility and probative value of the parties' appraisals are factual questions within the province of the trial court as the factfinder in this matter. We will not disturb its decision absent an abuse of discretion.

{¶ 23} In conclusion, we echo the sentiments stated by the Second District:

> The BTA said in its decision that "inherent in the appraisal process is the fact that an appraiser must make a wide variety of subjective judgments" in selecting data on which to rely, making adjustments to the data to make it "usable," and interpreting and evaluating all the information to form an opinion. Similarly, the BTA must use its judgment in determining which evidence presents the most credible valuation. Here, the BTA relied on credible evidence from an appraiser who presented support for his positions. Based on the record before us, we conclude that the BTA's determination was reasonable and lawful.

*W. Carrollton City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 2018-Ohio-2324, ¶ 63 (2d Dist.); *Fairlawn Station LLC*, BTA No. 2021-2426, 2024 Ohio Tax LEXIS 1086, at *7-8. Accordingly, we conclude that the trial court did not

abuse its discretion in setting the subject property's value at $13,650,000. Assignment of error No. 2 is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR